PER CURIAM.
An intervening party in the probate proceeding below appeals from the lower court’s denial of a motion for contempt and sanctions. For the following reasons, we reverse and remand with directions.
In the probate court below, a status conference was held during which the judge made an oral order. The oral order was not reduced to writing and no transcript was made of the status conference. Michael Osman, who was the attorney for the personal representative in the probate court and is the Appellee here, allegedly failed to obey said order. As a result, the Appellant, Mavis McKee, filed a motion for contempt and sanctions against Osman. The original probate judge recused himself. A subsequent judge denied the motion for contempt and sanctions, indicating that, without either a written order or a transcript reflecting the order that was orally entered, she was unsure of the exact nature of the order in question. In fact, the judge commented that holding an evidentiary hearing to resolve the matter would not be useful, since that would probably result in each side giving a different version of what had been ordered by the original judge. In view of the fact that it is the function of the justice system, including judges, to resolve controversy, it would appear that holding such an evidentiary hearing is the only appropriate way to resolve this case.
It is undisputed that the first judge entered an order. It is the exact nature of the order that is in question. We therefore reverse and remand with directions to the trial judge to make a factual determination (1) as to the exact nature of the order in question, and, (2) whether Attorney Osman violated the terms of the order, so as to cause him to be guilty of contempt of court.
Reversed and remanded with directions.