NESBITT, Senior Judge.
In McKee v. Osman, 710 So.2d 221 (Fla. 3d DCA 1998)(McKee I), we summarized the facts before us at .that time as follows:
In the probate court below, a status conference was held during which the judge made an oral order. The oral order was not reduced to writing and no transcript was made of the status conference. Michael Osman, who was the attorney for the personal representative in the probate court and is the Appellee here, allegedly failed to obey said order. As a result, the Appellant, Mavis McKee, filed a motion for contempt and sanctions against Osman. The original probate judge recused himself. A subsequent judge denied the motion for contempt and sanctions, indicating that, without either a written order or a transcript reflecting the order that was orally entered, she was unsure of the exact nature of the order in question. In fact, the judge commented that holding an evidentiary hearing to resolve the matter would not be useful, since that would probably result in each side giving a different version of what had been ordered by the original judge. In view of the fact that it is the function of the justice system, including judges, to resolve controversy, it would appear that holding such an evidentiary hearing is the only appropriate way to resolve this case.
It is undisputed that the first judge entered an order. It is the exact nature of the order that is in question. We therefore reverse and remand with directions to the trial judge to make a factual determination (1) as to the exact nature of the order in question, and, (2) whether Attorney Osman violated the terms of the order, so as to cause him to be guilty of contempt of court.
*951 On remand, the trial judge considered the testimony of the parties and the'deposition testimony of the original probate judge. She also considered a transcript of the original proceedings, produced in the twelfth hour by attorney Osman. She then found attorney Osman in contempt and ordered him to pay damages, including Ms. McKee’s attorney’s fees. We affirm that decision and write only to add our disapproval for the disobedience and dilatory tactics employed by attorney Osman in this case.
Osman was counsel for the Personal Representative of the Alpha M. McKee estate. Mavis McKee is the former spouse of Mark R. McKee, a beneficiary of the subject estate. In March of 1994, Ms. McKee wrote a letter to Judge Tendrich, advising that she had a claim for alimony and child support against Mr. McKee. The Court scheduled a status conference and Cynthia Byrne Hall appeared for Ms. McKee. Hall advised that Ms. McKee was in the process of obtaining the documents necessary to domesticate her California divorce judgment and collect against the funds Mr. McKee owed her. Osman advised the court that he had been unable to find Mr. McKee, and he suggested the money go in the court registry. Judge Tendrich ordered Osman to deposit the money into the court registry and to close the estate.
Osman failed to submit an order to the court as directed and failed to deposit the money and close the estate. Ms. McKee domesticated her California judgment and opened her Florida case. She filed a motion for garnishment and attempted to garnish Mr. McKee’s money in the court registry. The clerk of court filed an answer providing that there was no money in the registry in Mr. McKee’s name. Hall contacted Osman and asked why the funds had not yet been deposited.
Osman informed Hall that the matter had “slipped through the cracks” and apologized. He promised that, within a week, he would have the funds deposited. Osman confirmed that he still had the funds in his care. Hall contacted Osman approximately one week latér. However, Osman refused to take her calls. • Hall then wrote to Osman, reminding him of his obligation and threatening to bring the matter to the court’s attention. Thereafter, Hall filed Ms. McKee’s motion to intervene.
At the hearing which followed, Osman failed to appear. Judge Tendrich phoned Osman, who said that he had disbursed the funds to Mr. McKee., Judge Tendrich ended the call and granted the motion to intervene. Ms. McKee then filed a motion for contempt and for sanctions. Judge Tendrich stated that he- had previously ordered Osman to deposit those funds. The judge indicated that he believed he would be a material witness in the case and stated that he was going to recuse himself. Judge Greenbaum was assigned the case. Osman filed motions for recusal, to strike, for disqualification, for continuance, and for discovery. All motions were denied.
At a status conference which followed, Osman advised the court that the case had been closed. The court immediately made a finding that the court file was not complete and various Orders were missing from the file. The court also found that the intervenor, Ms. McKee, had not been noticed that the case was to be closed and was not copied on the order closing the case and therefore, she was denied due process:
Judge Greenbaum ordered all further pleadings, motions, papers, and other orders to be copied to Ms. McKee’s counsel. Before final hearing, the judge retired and the cause was assigned to Judge Korvick. A hearing on Ms. McKee’s motion for contempt and for sanctions followed. The court then ordered memoranda from each counsel on the matter. Thereafter, erroneously concluding she should not determine the veracity of the parties, Judge Korvick denied the motion for contempt and sanctions. McKee I followed.
*952 On remand, Judge Korvick ordered the parties to mediate. The court granted McKee permission to attend the mediation by telephone, rather than travel from California. At mediation, the mediator declared an impasse. The case was then scheduled for final hearing. Because a duty judge had • granted a continuance without the judge’s knowledge, on the day of the trial, no one appeared and the case was dismissed. Hall immediately contacted the judge and advised the clerk as to what happened. The clerk then sent Hall a memo requesting that she submit an agreed order to set aside the dismissal and to reschedule the case. Osman would not agree and the judge scheduled a hearing.
For the first time, Osman took the position that Ms. McKee had failed to attend mediation. Judge Korvick, after hearing Osman’s argument, ordered Ms. McKee to file an affidavit confirming her appearance. The court after reviewing the file and Ms. McKee’s affidavit entered an order vacating the dismissal and reserving on the award of fees against Osman. At final hearing, the court entered an order finding Osman in contempt and awarding sanctions of some $23,758.23, the amount due Ms. McKee, less the $5,726.72 she had been able to recover directly from Mr. McKee.
Osman then filed a Motion for Rehearing, arguing that he had located an audio tape of the original hearing, and requested leave of court to have the tape transcribed and considered by the court. After reviewing the transcript of that audio tape, the court affirmed its prior ruling. The order awarding McKee her costs and fees followed.
We conclude that the trial court, in conformity with this court’s mandate, properly reviewed the oral and deposition testimony. The overwhelming evidence of Osman’s contempt and bad faith ■ litigation supports the awards made. Attorney Osman’s disobedience and dilatory tactics harmed Ms. McKee, her counsel, and the state judicial system.
We direct the Clerk of this Court to forward a copy of this opinion to The Florida Bar.
Accordingly, the orders under review are affirmed.